**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-2266

CITIZENS UNITED, a Virginia Non-Stock Corporation,

      Plaintiff,

v.

SCOTT GESSLER, in his official capacity as Secretary of State of the State of Colorado; and
SUZANNE STAIERT, in her official capacity as Deputy Secretary of State of the State of
Colorado,

      Defendants.

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

Plaintiff Citizens United, a Virginia non-stock corporation, for its complaint against

Defendants Scott Gessler, in his official capacity as Secretary of State of the State of Colorado;

and Suzanne Staiert, in her official capacity as Deputy Secretary of State of the State of

Colorado, alleges as follows:

**INTRODUCTION**

1.     Citizens United brings suit to challenge the constitutionality of Colorado's

reporting and disclosure requirements for electioneering communications and independent

expenditures, which apply discriminatorily to certain speakers but not others based on their

identity. That discrimination is directly attributable to Colorado's "media exemptions," which

carve out traditional "print media" entities and "broadcast facilit[ies]" from complying with the

burdensome reporting and disclosure requirements. As a result of these "media exemptions,"

newspapers, magazines, and radio and television stations are exempt from Colorado's reporting

and disclosure requirements, while speakers who engage in political expression in non-print

formats and who do not operate their own broadcast facilities must comply with those

requirements.

2.      Colorado's Secretary of State has determined that Citizens United's marketing

and distribution of a documentary film about various Colorado advocacy groups and their impact

on Colorado government do not qualify for the media exemptions because the film does not

appear in print and because Citizens United is not a broadcast facility.  Citizens United therefore

must comply with Colorado's burdensome reporting and disclosure requirements, or suppress its

speech in order to avoid sanctions under Colorado law.  In contrast, a media entity that engaged

in the same political expression in a print publication would be exempt from the reporting and

disclosure requirements under Colorado's media exemption.  Similarly, a media entity that

operated its own broadcast facility could produce and air the exact same documentary as Citizens

United without complying with Colorado's reporting and disclosure requirements.

3.      Speech restrictions that discriminate "based on the identity of the speaker" are

highly disfavored under the First Amendment because they "are all too often simply a means to

control content." *Citizens United v. FEC*, 558 U.S. 310, 340 (2010).  It is therefore

unconstitutional for a State to discriminate between the speech of non-media entities and media

entities.  *See id.* at 353 ("differential treatment" of media entities and other speakers "cannot be

squared with the First Amendment").  It is equally impermissible for a State to discriminate

between the speech of different categories of media entities.  *See Turner Broad. Sys., Inc. v.*

*FCC*, 512 U.S. 622, 659 (1994) ("Regulations that discriminate among media, or among

different speakers within a single medium, often present serious First Amendment concerns."). The Colorado Constitution extends similar—if not greater—protections from discrimination based on a speaker's identity. *See Lewis v. Colo. Rockies Baseball Club, Ltd.*, 941 P.2d 266, 271 (Colo. 1997) (en banc).

4.      Colorado's reporting and disclosure requirements for electioneering communications and independent expenditures are unconstitutionally discriminatory because, through the operation of the media exemptions, they discriminate between the "print media" and "broadcast facilit[ies]," on the one hand, and all other speakers engaged in similarly protected, and equally important, public discourse, on the other.  This Court should declare Colorado's discriminatory reporting and disclosure requirements unconstitutional, and permanently enjoin Defendants from enforcing those provisions.

## NATURE OF ACTION

5.      Citizens United brings this action to obtain declaratory and injunctive relief invalidating Colorado's reporting and disclosure requirements for electioneering communications and independent expenditures.  Citizens United seeks a declaratory judgment that Colorado's reporting and disclosure requirements are facially unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article II, Section 10 of the Colorado Constitution because they operate in a manner that discriminates based on a speaker's identity.  Colorado's reporting and disclosure scheme contains media exemptions that exempt traditional "print media" and "broadcast facilit[ies]" from its burdensome reporting and disclosure requirements, but not other speakers—including other media entities—that are engaged in similar political speech.  Such discriminatory distinctions based on a speaker's

identity are unconstitutional. Moreover, the media exemptions cannot be severed from the reporting and disclosure requirements because they are integral to that regulatory scheme. Accordingly, Colorado's reporting and disclosure requirements must be declared facially invalid.

6. At a minimum, Citizens United seeks a declaratory judgment that Colorado's reporting and disclosure requirements are invalid as applied to Citizens United and its marketing and distribution of its forthcoming documentary film about Colorado advocacy groups because it is unconstitutional to discriminate between Citizens United and the print-media entities and broadcast facilities that are entitled to invoke a media exemption.

7. In the alternative, if the media exemptions are compelled by the First Amendment's protection of freedom of the press, then this Court should construe the media exemptions to apply to Citizens United.

8. Citizens United also requests injunctive relief to prevent Defendants from enforcing Colorado's unconstitutional reporting and disclosure requirements, and any other relief that this Court deems just and proper, including attorneys' fees and costs.

## PARTIES

9. Plaintiff Citizens United is a Virginia non-stock corporation with its principal place of business in Washington, D.C. Citizens United is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code. Citizens United is registered to solicit contributions for charitable purposes in various jurisdictions throughout the United States, including the State of Colorado. Citizens United is not a political committee, nor is it owned or controlled by any candidate, political party, or political committee.

10.     Defendant Scott Gessler, in his official capacity as Secretary of State of the State of Colorado, is the primary public officer responsible for enforcing the campaign finance laws of the State and for promulgating rules necessary for the proper administration and enforcement of those laws.  Among other things, Secretary Gessler directs and manages the Office of the Secretary of State for the State of Colorado.  Secretary Gessler is a resident of Denver, Colorado.

11.     Defendant Suzanne Staiert, in her official capacity as Deputy Secretary of State of the State of Colorado, is the deputy public officer responsible for enforcing the campaign finance laws of the State and for promulgating rules necessary for the proper administration and enforcement of those laws.  Deputy Secretary Staiert issued the Declaratory Order at issue in this suit.  Deputy Secretary Staiert is a resident of Denver, Colorado.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988.

13.     This Court has personal jurisdiction over Defendants because Defendants reside in Colorado.

14.     Venue is proper in the District of Colorado under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events and omissions giving rise to these claims occurred in this district.

## STATUTORY AND REGULATORY BACKGROUND

15.     Article XXVIII of the Colorado State Constitution and the Fair Campaign Practices Act ("FCPA"), Colorado's primary campaign finance laws, impose various reporting

and disclosure requirements on speakers engaged in electioneering communications and

independent expenditures.

16.     Article XXVIII and the FCPA define an "electioneering communication" as:

> [A]ny communication broadcasted by television or radio, printed in a newspaper or on a billboard, directly mailed or delivered by hand to personal residences or otherwise distributed that:
>
>> (I) Unambiguously refers to any candidate; and
>>
>> (II) Is broadcasted, printed, mailed, delivered, or distributed within thirty days before a primary election or sixty days before a general election; and
>>
>> (III) Is broadcasted to, printed in a newspaper distributed to, mailed to, delivered by hand to, or otherwise distributed to an audience that includes members of the electorate for such public office.

Colo. Const. art. XXVIII, § 2(7)(a); *see also* Colo. Rev. Stat. § 1-45-103(9).

17.     Article XXVIII and the FCPA define an "expenditure" as:

> [A]ny purchase, payment, distribution, loan, advance, deposit, or gift of money by any person for the purpose of expressly advocating the election or defeat of a candidate or supporting or opposing a ballot issue or ballot question.  An expenditure is made when the actual spending occurs or when there is a contractual agreement requiring such spending and the amount is determined.

Colo. Const. art. XXVIII, § 2(8)(a); *see also* Colo. Rev. Stat. § 1-45-103(10).  Article XXVIII

and the FCPA further define an "independent expenditure" as an expenditure "that is not

controlled by or coordinated with any candidate or agent of such candidate."  Colo. Const. art.

XXVIII, § 2(9); *see also* Colo. Rev. Stat. § 1-45-103(11).

18.     Section 6 of Article XXVIII provides that any person expending more than $1000

per calendar year on electioneering communications must submit reports to the Secretary of

State, which include spending on electioneering communications and the name, address,

occupation, and employer of any person that contributed more than $250 to fund the electioneering communication.  Colo. Const. art. XXVIII, § 6(1).  Section 1-45-108 of the Colorado Revised Statutes governs the timing and contents of such reports.  *See* Colo. Rev. Stat. § 1-45-108.

19.     Similarly, Section 5 of Article XXVIII provides that any person making independent expenditures in excess of $1000 per calendar year must file a notice with the Secretary of State describing the independent expenditure and the candidate whom it is intended to support or oppose.  *See* Colo. Const. art. XXVIII, § 5(1).  The person making such expenditure must also "prominently" disclose its identity in the resulting communication.  *Id.* § 5(2).

20.     Section 1-45-107.5 imposes additional registration, reporting, and disclosure requirements on persons making independent expenditures in excess of $1000.  *See* Colo. Rev. Stat. § 1-45-107.5.  Among other requirements, any person expending more than $1000 per calendar year on independent expenditures must report to the Secretary of State the amounts spent and the name, address, occupation, and employer of any person that contributed more than $250 to fund the independent expenditure.  *Id.* § 1-45-107.5(4)(b).  Additionally, any person that expends more than $1000 per calendar year on independent expenditures must report to the Secretary of State any donation in excess of $20 received during the reporting period for purposes of making an independent expenditure.  *Id.* § 1-45-107.5(8).

21.     Article XXVIII and the FCPA exclude from the definition of "electioneering communication":

(I) Any news Articles, editorial endorsements, opinion or commentary writings, or letters to the editor printed in a newspaper, magazine or other periodical not owned or controlled by a candidate or political party;

(II) Any editorial endorsements or opinions aired by a broadcast facility not owned or controlled by a candidate or political party;

(III) Any communication by persons made in the regular course and scope of their business or any communication made by a membership organization solely to members of such organization and their families;

(IV) Any communication that refers to any candidate only as part of the popular name of a bill or statute.

Colo. Const. art. XXVIII, § 2(7)(b); *see also* Colo. Rev. Stat. § 1-45-103(9).

22.     Similarly, Article XXVIII and the FCPA exclude from the definition of

"expenditure":

(I) Any news Articles, editorial endorsements, opinion or commentary writings, or letters to the editor printed in a newspaper, magazine or other periodical not owned or controlled by a candidate or political party;

(II) Any editorial endorsements or opinions aired by a broadcast facility not owned or controlled by a candidate or political party;

(III) Spending by persons, other than political parties, political committees and small donor committees, in the regular course and scope of their business or payments by a membership organization for any communication solely to members and their families;

(IV) Any transfer by a membership organization of a portion of a member's dues to a small donor committee or political committee sponsored by such membership organization; or payments made by a corporation or labor organization for the costs of establishing, administering, or soliciting funds from its own employees or members for a political committee or small donor committee.

Colo. Const. art. XXVIII, § 2(8)(b); *see also* Colo. Rev. Stat. § 1-45-103(10).

23.     The Secretary of State is responsible for enforcing and promulgating rules in

furtherance of these campaign finance provisions.  *See* Colo. Const. art. XXVIII, § 9.  Among

other penalties, persons in violation of these provisions "shall be subject to a civil penalty of at least double and up to five times the amount contributed, received, or spent in violation of the applicable provision." *Id.* § 10(1); *see also id.* § 10(2) (imposing penalty of $50 per day for failure to file statement or other information required under campaign finance provisions).

## FACTUAL BACKGROUND

24.     Citizens United is a non-profit organization that engages in education, advocacy, and grassroots activities, which include regular political speech and media and press communications.  Among other activities, Citizens United produces, markets, and distributes documentary films, including films that explore controversial political organizations, personalities, and policies in the United States and abroad.  Since 2004, Citizens United has produced and released twenty-four documentary films, some of which are award-winning.

25.     Citizens United distributes its films in a variety of formats including theatrical release, DVDs, television, and online digital streaming and downloads.  In order to promote the sale of its films, Citizens United advertises them on television, on billboards, in newspapers, via direct mail and electronic mail, and on the Internet.

26.     In 2010, the Federal Election Commission, which is the federal agency that administers and enforces federal campaign finance law, issued Advisory Opinion 2010-08 to Citizens United.  Advisory Opinion 2010-08 (Citizens United) (June 11, 2010) (attached as Exhibit A).  That Advisory Opinion concludes that Citizens United's films and advertising promoting its films are exempt from the definitions of "expenditure" and "electioneering communication" under federal campaign finance law pursuant to the federal exemptions for news media and press activities.

27.     Citizens United is currently producing a documentary film about various Colorado advocacy groups and their impact on Colorado government and public policy (hereinafter, the "Film").  The working title of the Film is "Rocky Mountain Heist."  The Film will be approximately thirty minutes in length.  The Film will include unambiguous references to elected Colorado officials who are candidates for office in this year's general elections, which will be held on November 4, 2014.  While the Film will not editorially endorse any candidates, background footage appearing in the Film will likely include events where participants expressly advocate the election or defeat of one or more candidates in the November 4, 2014 elections.

28.     The Film will include visual and audio content of Governor John Hickenlooper, who is the Democratic Party candidate for the Office of Governor of Colorado in the November 4, 2014 elections.  The Film will also include visual and audio content of other candidates for federal and state office in Colorado, including candidates for Congress and the state legislature.

29.     The overall production and marketing budget for the Film is $773,975.  Of this amount, $548,975 is dedicated to production, and $225,000 is dedicated to marketing to occur in October 2014.  These costs far exceed the $1,000 thresholds for mandated reporting of "electioneering communications" and "independent expenditures" under Colorado's campaign finance laws.

30.     The Film is scheduled to be completed by September 24, 2014, and will be marketed and distributed across the United States, including in Colorado.  Citizens United has concrete plans to begin distributing the Film nationwide, including in Colorado, by the first week of October 2014.  Initial modes of distribution will include DVD sales over the Internet.

Citizens United also intends to license the Film for television broadcast and online digital screening and downloading.  Advertising promoting the Film will include television ads, radio ads, and Internet ads, and will begin no later than the first week of October 2014.  Marketing and distribution of the Film in Colorado will occur within the 60-day period immediately preceding the November 4, 2014 general elections.

31.     Citizens United intends to continue producing films in the future that include unambiguous references to candidates in Colorado's elections, and to market and distribute those films in Colorado during the 60-day periods immediately preceding future general elections.

## PROCEDURAL BACKGROUND

32.     On April 18, 2014, Citizens United filed a Petition for Declaratory Order with the Secretary of State, seeking clarification as to whether Citizens United's communications and expenditures related to the Film qualified under the media exemptions, which would exclude those activities from the definition of "expenditure" or "electioneering communication" under Colorado law and thereby obviate the need for Citizens United to comply with the various reporting and disclosure requirements that would otherwise apply.

33.     The Secretary published public notice of a hearing and collected written comments from the public.  On June 3, 2014, the Secretary held a public hearing on Citizens United's petition.

34.     On June 5, 2014, the Secretary issued a Declaratory Order concluding that the Film and related activities did not fall within any of the enumerated exemptions to the definition of "electioneering communication" under Colorado law, including the media exemptions.

Declaratory Order, *In re Citizens United's Petition for Declaratory Order*, at 5-11 (June 5, 2014)

(hereinafter, "Declaratory Order") (attached as Exhibit B).

35.     Specifically as to the media exemption contained in Section 2(7)(b)(I) of Article

XXVIII, the Secretary concluded that the Film "*does not meet the first exemption **because it is***

***not print media***."  Declaratory Order, at 5 (italics in original, bolding added); *see also id.* ("Here,

the forthcoming documentary is a film, which cannot be printed in a newspaper, magazine, or

other periodical.").  Likewise, as to the media exemption contained in Section 2(7)(b)(II) of

Article XXVIII, the Secretary concluded that Citizens United "**is not a broadcast facility** and,

as such, does not fall within this exemption." *Id.* at 6 (emphasis added).

36.     Despite acknowledging that federal law and the Federal Election Commission

recognize a media exemption that would exclude the distribution and marketing of the Film from

the nearly identical federal definition of "electioneering communication," the Secretary refused

to "read such an exemption into the plain language of Colorado law." *Id.* at 8.  "Whether or not

the Secretary of State agrees with the FEC's logic and reasoning in creating the 'press

exemption,'" the Order explained, "the Secretary lacks the authority to apply well-reasoned,

settled First Amendment law to Colorado." *Id.* at 9 (italics omitted).

37.     The Secretary also determined that the Film and related activities did not qualify

under the exemption for communications made by a person in the "regular course and scope of

their business." *Id.* at 6-8.

38.     The Secretary did not address whether the distribution and marketing of the Film

qualify as "expenditures" under Colorado law.  "Because the film has not yet been made," the

Secretary declared that she was "not in a position to state whether the film falls within the

definition" of "expenditure." *Id.* at 10. The Secretary therefore did not address whether any of the exemptions to the definition of "expenditure" would apply. *Id.*

## CLAIMS FOR RELIEF

39. The First Amendment protects free speech and association for all speakers, regardless of race, creed, ideology, or corporate form. This constitutional protection has its "fullest and most urgent application to speech uttered during a campaign for political office." *Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 223 (1989) (internal quotation marks omitted); *see also McCutcheon v. FEC*, 134 S. Ct. 1434, 1441 (2014) (plurality opinion). Such political speech ensures democratic self-government and is constitutionally protected even when it takes the form of spending money to influence the outcome of elections. *Buckley v. Valeo*, 424 U.S. 1, 19-21 (1976) (per curiam). In *Citizens United v. FEC*, 558 U.S. 310 (2010), the Supreme Court recognized that these First Amendment protections apply with equal force to corporations, reaffirming long-established precedent protecting the right of individuals to use the corporate form to engage in political speech. *See, e.g.*, *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964); *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 776-77 (1978); *Time, Inc. v. Hill*, 385 U.S. 374, 388-89 (1967).

40. The First Amendment also prohibits the government from imposing speech restrictions that discriminate based on the identity of the speaker because such discrimination often serves as an improper restriction on viewpoints. *Bellotti*, 435 U.S. at 776-77; *see also Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653, 2665 (2011). The First Amendment thus protects even highly controversial, and widely condemned, speech from favored and disfavored speakers

13

alike.  *See, e.g.*, *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992); *Texas v. Johnson*, 491 U.S. 397 (1989).

41.    Because it is unconstitutional to discriminate based on a speaker's identity, "differential treatment" of businesses that own media interests and those that do not "cannot be squared with the First Amendment."  *Citizens United*, 558 U.S. at 353; *see also id.* at 352-53 (describing as "most doubtful" the "proposition that a news organization has a right to speak when others do not").  Similarly, "[r]egulations that discriminate among media, or among different speakers within a single medium, often present serious First Amendment concerns." *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 659 (1994).

## FIRST CLAIM FOR RELIEF
### (Colorado's Reporting and Disclosure Requirements Violate the First and Fourteenth Amendments to the United States Constitution)

42.    Plaintiff realleges the allegations stated in paragraphs 1 through 41 as though fully set forth herein.

43.    On their face, Colorado's reporting and disclosure requirements violate the First Amendment to the United States Constitution (as incorporated to apply to the States under the Fourteenth Amendment).  Colorado's reporting and disclosure requirements apply to Citizens United and other speakers who engage in constitutionally protected electioneering communications and independent expenditures, but do not apply to speakers who satisfy one of the media exemptions.  *See* Colo. Const. art. XXVIII, §§ 2(7)(b), 2(8)(b).  The Secretary's Declaratory Order reaffirms the discriminatory nature of the reporting and disclosure framework; only speakers defined as traditional "print media" or "broadcast facilit[ies]" qualify for the

media exemptions.  Declaratory Order, at 5-6.  Such discrimination based solely on a speaker's identity is unconstitutional.  *See Citizens United*, 558 U.S. at 352-53.

44.    Colorado's reporting and disclosure requirements impose a significant burden on the exercise of Citizens United's right to engage in political speech and media and press activities.  Among other requirements, Citizens United will be required to prepare and file multiple reports disclosing amounts spent and disclose the identity of any person that contributed more than $250 to fund an electioneering communication or independent expenditure.  Colo. Const. art. XXVIII, § 6(1); Colo. Rev. Stat. § 1-45-107.5(4)(b).  Compliance with these requirements is costly and burdensome, and their enforcement is likely to chill the speech of Citizens United and those individuals who wish to support Citizens United's speech through monetary contributions.  These constitutional harms are irreparable.

45.    By contrast, entities that satisfy the media exemptions—in particular, traditional "print media" and "broadcast facilit[ies]"—face none of the costs and burdens associated with Colorado's reporting and disclosure requirements.

46.    Accordingly, Colorado's reporting and disclosure requirements, as contained in Sections 2, 5, and 6 of Article XXVIII of the Colorado Constitution, and Sections 1-45-103, 1-45-107.5, and 1-45-108 of the Colorado Revised Statutes, facially violate the First and Fourteenth Amendments to the United States Constitution.

47.    The specific provisions of Colorado's reporting and disclosure requirements that unconstitutionally discriminate against certain speakers—the media exemption provisions found in Article XXVIII, Section 2 of the Colorado Constitution and Section 1-45-103 of the Colorado Revised Statutes—cannot be severed from the remainder of the reporting and disclosure

framework because they are integral to the operation of that scheme.  The entire reporting and disclosure framework therefore must be declared invalid on its face.

48.     At a minimum, Colorado's reporting and disclosure requirements cannot be applied to Citizens United because it is unconstitutional to discriminate between Citizens United and those traditional "print media" entities and "broadcast facilit[ies]" that are entitled to a media exemption.  Like those media entities, Citizens United is engaged in constitutionally protected political discourse on matters of public importance.  There is no legitimate basis for applying Colorado's reporting and disclosure requirements to Citizens United in such a discriminatory manner.

49.     In the alternative, if the media exemptions are compelled by the First Amendment's protection of freedom of the press, then this Court should construe the media exemptions to apply to Citizens United and exempt the Film and related activities from Colorado's reporting and disclosure requirements.  Citizens United is engaged in press and media activities that are not materially different from the speech of the entities that are entitled to invoke the media exemptions.

## SECOND CLAIM FOR RELIEF
**(Colorado's Reporting and Disclosure Requirements Violate Article II, Section 10 of the Colorado Constitution)**

50.     Plaintiff realleges the allegations stated in paragraphs 1 through 49 as though fully set forth herein.

51.     The Colorado Constitution "provides greater protection of free speech than does the First Amendment."  *Bock v. Westminster Mall Co.*, 819 P.2d 55, 59 (Colo. 1991) (en banc).  And the Colorado Constitution recognizes protections—like those under the federal

constitution—against governmental discrimination based solely on the identity of a speaker.

*See, e.g.*, *Lewis v. Colo. Rockies Baseball Club, Ltd.*, 941 P.2d 266, 272 (Colo. 1997) (en banc).

52.      Accordingly, for the reasons stated above, Colorado's reporting and disclosure

requirements, as contained in Sections 2, 5, and 6 of Article XXVIII of the Colorado

Constitution, and Sections 1-45-103, 1-45-107.5, and 1-45-108 of the Colorado Revised Statutes,

violate Article II, Section 10 of the Colorado Constitution.

53.      The entire reporting and disclosure framework therefore must be declared invalid

on its face.  At a minimum, Colorado's reporting and disclosure framework cannot be applied to

Citizens United.  In the alternative, this Court should construe the media exemptions to apply to

Citizens United and exempt the Film and related activities from Colorado's reporting and

disclosure requirements.

## PRAYER FOR RELIEF

54.      WHEREFORE, Plaintiff Citizens United requests that this Court grant all

appropriate relief for the violations alleged above, including:

      a.      An order and judgment declaring that Colorado's reporting and disclosure

requirements, as contained in Sections 2, 5, and 6 of Article XXVIII of the

Colorado Constitution, and Sections 1-45-103, 1-45-107.5, and 1-45-108 of the

Colorado Revised Statutes, violate the First and Fourteenth Amendments to the

United States Constitution;

      b.      An order and judgment declaring that Colorado's reporting and disclosure

requirements, as contained in Sections 2, 5, and 6 of Article XXVIII of the

Colorado Constitution, and Sections 1-45-103, 1-45-107.5, and 1-45-108 of the

Colorado Revised Statutes, violate Article II, Section 10 of the Colorado Constitution.

c.      An order and judgment preliminarily and permanently enjoining Defendants from enforcing Colorado's reporting and disclosure requirements in their entirety, or in the alternative, from enforcing Colorado's reporting and disclosure requirements as applied to Citizens United;

d.      Attorneys' fees and costs pursuant to any applicable statute or authority, including 42 U.S.C. § 1988; and

e.      Any other relief that this Court in its discretion deems just and proper.

Dated:  August 14, 2014

Respectfully submitted,

s/ Theodore B. Olson
THEODORE B. OLSON
TOlson@gibsondunn.com
MATTHEW D. MCGILL
MMcGill@gibsondunn.com
AMIR C. TAYRANI
ATayrani@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone:  (202) 955-8500
Fax:  (202) 467-0539

MICHAEL BOOS
MichaelBoos@citizensunited.org
CITIZENS UNITED
1006 Pennsylvania Avenue, S.E.
Washington, D.C.  20003
Telephone:  (202) 547-5420
Fax:  (202) 547-5421

*Attorneys for Plaintiff Citizens United*