IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-002266-RBJ

CITIZENS UNITED, a Virginia Non-Stock Corporation,

    Plaintiff,

v.

SCOTT GESSLER, in his official capacity as Secretary of State of the State of Colorado; and SUZANNE STAIERT, in her official capacity as Deputy Secretary of State of the State of Colorado,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Intervene as Defendants by the Colorado Democratic Party, Garold A. Fornander, Lucía Guzmán, and Dickey Lee Hullinghorst (hereinafter the "Applicant-Intervenors"). [ECF No. 8]. Both parties oppose the motion. For the following reasons, the motion is granted.

## PROCEDURAL POSTURE

This case arises out of a lawsuit brought by the plaintiff, Citizens United, challenging the constitutionality of Colorado's reporting and disclosure requirements for electioneering communications and independent expenditures. Citizens United seeks declaratory and injunctive relief against the Colorado Secretary and Deputy Secretary of State, the individuals primarily responsible for promulgating the rules necessary for the proper administration and enforcement of the campaign finance laws of the State. Citizens United filed a Motion for Preliminary

Injunction on August 14, 2014 [ECF No. 4] on which a hearing is scheduled for September 16, 2014 [ECF No. 17]. The motion concerns the upcoming release of a DVD, *Rocky Mountain Heist*, that the plaintiff contends should not be subject to the disclosure requirements. On August 21, 2014 the Applicant-Intervenors moved to intervene pursuant to Fed. R. Civ. P. 24(a)—intervention of right—or, in the alternative, under Fed. R. Civ. P. 24(b)—permissive intervention [ECF No. 8].

## BACKGROUND

The Colorado Democratic Party ("CDP") is an unincorporated association that is the governing body of the Democratic Party in the State of Colorado. It is also a "political party" as defined by the Colorado Constitution in Article XXVIII, § 2(13). The CDP actively supports Democratic candidates in federal, state, and local elections throughout Colorado. According to the Motion to Intervene, the CDP relies upon Colorado's disclosure and reporting scheme to: "(1) develop strategy, (2) make decisions on how best to support the election of CDP candidates running for office in Colorado, (3) learn who is speaking about CDP candidates, and (4) determine how to respond to parties opposing the election of CDP candidates running for office in Colorado." [ECF No. 8-3 at 2].

Garold A. Fornander is a resident of Colorado Springs, Colorado and has been a registered elector of El Paso County, Colorado since 1968. According to the Applicant-Intervenors, Mr. Fornander has a strong interest in ensuring that Colorado's disclosure regime remains in effect because he uses the information to: "(1) evaluate candidates running for office[;] (2) gain confidence that the disclosed information deters corruption and avoids the appearance of corruption . . . by exposing large contributions and expenditures to the light of

publicity; (3) gather the data necessary to detect violations of campaign finance law and file complaints . . . ; and (4) know who is speaking about a candidate shortly before an election." *Id.* at 3.

Lucía Guzmán is a registered voter in Colorado and is also a candidate for Colorado State Senate District 34.  Ms. Guzmán currently serves as the Colorado State Senator for District 34 and as President pro tempore of the Colorado Senate.  According to the Motion to Intervene, Ms. Guzmán has a strong interest in ensuring that Citizens United complies with the disclosure requirements and that the disclosure regime remains in effect overall.  In particular, Ms. Guzmán believes that she may be depicted in *Rocky Mountain Heist* based on the description provided in the plaintiff's Complaint.  She also relies upon the disclosure rules "to develop campaign strategy, to learn who is speaking about her and her colleagues shortly before an election, and to determine how to respond to parties opposing her and her colleagues' election to the Colorado State Senate." *Id.* at 4.  As a registered Colorado voter, Ms. Guzmán also purports to have the same interest in the maintenance of the disclosure regime as Mr. Fornander.

Dickey Lee Hullinghorst is a registered voter in Colorado and is also a candidate for Colorado State House District 10.  Ms. Hullinghorst currently serves as the Colorado State Representative for District 10 and as Majority Leader of the Colorado House of Representatives. Ms. Hullinghorst purports to have the same interests as Ms. Guzmán in ensuring the continual enforcement of the disclosure regime, generally and as it applies to Citizens United. *Id.* at 5.

## ANALYSIS

Fed. R. Civ. P. 24(a)(2) provides that the Court *must* permit anyone to intervene who: "claims an interest relating to the property or transaction that is the subject of the action, and is

so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Applicant-Intervenors argue that they have a right to intervene because they meet the impaired-interest requirement and because the defendants do not adequately represent their interests. No one disputes that the Applicant-Intervenors meet the impaired-interest requirement for intervention as of right.[1] Instead, both parties oppose intervention as of right on the grounds that the Applicant-Intervenors' interests are adequately represented by the current defendants.

The parties contend that the defendants adequately represent the interests of the Applicant-Intervenors because both share in the overall objective of prevailing against the plaintiff. The Court agrees, but only to an extent. It is true that in certain respects the interests of the defendants overlap with the interests of the Applicant-Intervenors; in particular, both would like this Court to find that Colorado's campaign finance disclosure laws are facially constitutional. However, it is not so clear that the interests continue to overlap after this point.

Citizens United seeks alternative relief should this Court find the campaign finance laws facially constitutional: a declaration that it is a "press entity" exempt from the reporting and disclosure requirements. While the defendants appear to address this argument in their Response brief, they reframe it as a question of whether the plaintiff is "similarly situated" to traditional press entities for purposes of an equal protection claim. (Notably, the Complaint is devoid of such a claim, though the Court appreciates how it could be gleaned from the arguments presented

---

[1] Citizens United suggests that the Applicant-Intervenors may not have a right to intervene because they "claim no interest in this litigation that differs from the State's interest . . . ." [ECF No. 9 at 3]. However, the impaired-interest requirement does not mandate that intervenors have interests unique from the other parties in the suit, just that they have an interest that could be impaired. Citizens United does not dispute that the Applicant-Intervenors meet this criteria.

4

in the motion.)  At no point do the defendants assert that a "press entity" status does not exist under Colorado law or that such an interpretation would conflict with the plain language and meaning of the campaign finance laws.  On the other hand, the Applicant-Intervenors devote a large portion of their Response brief directly replying to Citizens United's requested relief and strongly opposing the finding of any exemptions based on a plain reading of the statute. *Compare* Defendants' Response [ECF No. 12] at 18–26 *with* Applicant-Intervenor's Response [ECF No. 13] at 14–18.

Meanwhile, in a declaratory order issued July 5, 2014, Deputy Secretary Staiert suggests that the defendants would support the creation of a "press entity status," thereby exempting Citizens United from complying with Colorado's disclosure requirements, but that her office could not act to create one. Deputy Secretary Staiert explained:

> While the Colorado Secretary of State's office is very concerned with First-Amendment rights, Colorado courts have repeatedly held that the Secretary does not have the authority to apply settled federal constitutional law to Colorado.  In the same vein, the Secretary lacks the authority to either extend the FEC's press exemption to Colorado or create a new press exemption, notwithstanding the fact that the text of Colorado's campaign finance provisions are nearly identical to those at the federal level.

*Id.* at 9.  After going through a list of "examples of Colorado courts limiting Secretary Gessler's ability to apply federal standards to Colorado," *id.*, Deputy Secretary Staiert concludes:

> Given the history of how Colorado courts have treated the Secretary's attempts to apply federal principles to Colorado citizens in order to protect their First Amendment rights, I find that the Colorado Secretary of State simply lacks the authority to import the FEC's analysis and decision regarding a 'press exemption' to Colorado.  As such, [Citizens United's] remedy lies with courts in the form of litigation, the legislature in the form of a referendum, or the people in the form of an initiative.

*Id.* at 10.

Simply put, the language used in the Declaratory Order suggests that the defendants would support the creation of a "press entity" status in Colorado, and likely an application of that status to Citizens United. The Applicant-Intervenors argue in both of their Reply briefs that Secretary Gessler has a history of attempting to relax the reporting and disclosure requirements. Notably, one of the illustrative cases cited by the Applicant-Intervenors, *Colorado Ethics Watch v. Gessler*, 2013 Colo. App. LEXIS 2056 (Dec. 12, 2013), is likewise cited by Deputy Secretary Staiert as an example of "Colorado courts limiting the Secretary's ability to apply federal standards to Colorado." [ECF No. 1-2 at 10].

Insofar as the Court is asked to interpret the reach of the disclosure exemptions—as opposed to the binary proposition of whether the disclosure regime is constitutional overall—it is possible, if not likely, that the objectives of the defendants and the Applicant-Intervenors will diverge. And it is not mere speculation whether the Court will be asked to conduct such an analysis; the plaintiffs have already sought such a ruling in their motion for preliminary injunction. As such, the Court finds that the defendants and the Applicant-Intervenors do not necessarily share the same objectives in this lawsuit. As such, I cannot find that the defendants adequately represent the interests of the Applicant-Defendants. From this it follows that the Applicant-Intervenors are entitled to intervention as of right. Moreover, insofar as the two share an objective, the Court allows permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) (granting discretion to allow any person to intervene who "has a claim or defense that shares with the main action a common question of law or fact").

## ORDER

For the foregoing reasons, the Motion to Intervene [ECF No. 8] is GRANTED.

DATED this 15th day of September, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge