**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**October 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

| | |
|---|---|
| CITIZENS UNITED,<br>a Virginia Non-Stock Corporation,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SCOTT GESSLER, in his official capacity as Secretary of State of the State of Colorado; SUZANNE STAIERT, in her official capacity as Deputy Secretary of State of the State of Colorado,<br><br>Defendants-Appellees,<br><br>and<br><br>COLORADO DEMOCRATIC PARTY; GAROLD A. FORNANDER; LUCIA GUZMAN; DICKEY LEE HULLINGHORST,<br><br>Intervenors-Defendants. | No. 14-1387<br>(D.C. No. 1:14-CV-02266-RBJ)<br>(D. Colo.) |

---

CITIZENS FOR RESPONSIBILITY
AND ETHICS IN WASHINGTON;
COLOARDO COMMON CAUSE;
COLORADO ETHICS WATCH;

PROGRESSIVE UNITED,

    Movants.

**ORDER**

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Citizens United's Emergency Motion for Injunction Pending Appeal is granted in part and denied in part. Pending final disposition of this appeal, the court hereby orders as follows:

1. The Colorado Secretary of State shall treat Citizens United, in its capacity as a producer and distributor of films, the same as a broadcast facility or publisher of a print periodical for purposes of the exemptions from the reporting and disclosure requirements of Colorado election law set forth in Colorado Constitution article XXVIII, sections 2(7)(b)(I) and (II), 2(8)(b)(I) and (II), and the related statutes.

2. In particular, the Secretary shall treat the film *Rocky Mountain Heist* as excluded from the definition of electioneering communication and treat expenditures for the production and distribution of the film as excluded from the definition of expenditure.

3. As for advertisements placed by Citizens United to promote the film, Citizens United has not shown that similar advertisements to promote their product if placed by broadcast facilities or publishers of print periodicals would be excluded from the definition of electioneering communication or that funds for such advertisements would

be excluded from the definition of expenditure under Colorado law. Therefore, the Secretary, so long as he complies with paragraph 1 of this order, is not restrained from enforcing reporting and disclosure requirements for such advertisements if they name a Colorado candidate or advocate the election or defeat of a Colorado candidate.

                    Entered for the Court

                    *Elisabeth A. Shumaker*

                    ELISABETH A. SHUMAKER, Clerk